# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:16 cr 38

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| FELIPE MARTINEZ FIGUEROA. ) | |
| ) | |

**THIS MATTER** has come before the undersigned pursuant to a Motion to Withdraw (#10) filed by Tony E. Rollman, counsel for Defendant. At the call of this matter on for hearing it appeared that Defendant was present with Mr. Rollman and the Government was present through AUSA John Pritchard. From the statements of Mr. Rollman and statements of the Defendant, which shall appear in a sealed proceeding, the undersigned makes the following findings.

**Findings.** During the hearing of the motion, the undersigned determined there was a possibility that confidential communications between Defendant and Mr. Rollman could be disclosed and as a result, conducted a sealed proceeding during which Mr. Pritchard was excluded. The sealed proceeding shall appear of record. From the sealed proceeding, the undersigned has determined that Mr. Rollman has either been discharged or Defendant's family has failed to fulfill an obligation to Mr. Rollman regarding his services.

1

**Discussion.** Rule 1.16 of North Carolina Rules of Professional Conduct provides as follows:

Rule 1.16: **Declining or Terminating Representation**

(a) Except as stated in paragraph (c), a lawyer shall not represent a client or where representation has commenced, shall withdraw from the representation of a client if;

(3) the lawyer is discharged.

(b) Except as stated in subparagraph (c) a lawyer may withdraw from representing a client if:

(6) the client fails substantially to fulfill an obligation to the lawyer regarding a lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled.

It appears, at least from the standpoint of Mr. Rollman, he has been discharged by the Defendant. It also appears that Defendant may have substantially failed to fulfill an obligation to Mr. Rollman regarding his services. The undersigned cannot find that reasonable warning that the lawyer will withdraw unless the obligation is fulfilled, has been delivered. In any event, Mr. Rollman is entitled to withdraw as the undersigned finds he has been discharged.

# ORDER

**IT IS, THEREFORE**, **ORDERED** that the Motion to Withdraw (#10) is **ALLOWED** and Mr. Rollman is allowed to withdraw as counsel of record for the Defendant. Mr. Rollman is directed to take steps to the extent reasonably practicable

to protect Defendant's interest such as giving reasonable notice to him allowing time for employment of other counsel, surrendering papers and property to which the client is entitled, and further refund any advance payment of fee or an expense that has not been earned or incurred. Mr. Rollman may retain papers relating to the Defendant to the extent permitted by other law.

Signed: July 5, 2016

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge