**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16 cr 38**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| FELIPE MARTINEZ FIGUEROA. | ) | |
| | ) | |

**THIS MATTER** has come before the undersigned pursuant to an oral motion presented by Cathy Morris Alterman that she be allowed to appear on behalf of Defendant. Ms. Alterman's admission to represent the Defendant is governed under LCrR 44.1(B). That rule states as follows:

**(B) Additional Considerations for Representation in Criminal Proceedings.**

The Sixth Amendment guarantees that each defendant in a criminal matter has the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire, or who is willing to represent the defendant even though he is without funds. The Court makes every effort to ensure that a defendant's right to counsel of his choice is protected. To that end, a defendant has the following choices in a criminal matter and may

    (1)    represent himself if he voluntarily elects to do so;

    (2)    request that the Court appoint counsel based upon a showing of indigency;

    (3)    hire an attorney who is a member of the Bar of the Western District of North Carolina, but ho meets at least one of the following

1

criteria:

    (a)    is a member in good standing of the Bar of the Eastern District or Middle District of North Carolina;

    (b)    is a member in good standing of any state, district, or territorial Bar of the United States *and* is appearing with a member in good standing of the Bar of this Court, who moves on behalf of such out-of-state attorney admission *pro hac vice*, which motion is granted; or

    (c )    is a member in good standing of any state, district, or territorial Bar, and moves for and is granted "special admission" upon a showing of good and adequate cause.

"Special admission" (admission without association of local counsel) is conditional admission to the Bar, and shall not be granted absent a showing of good cause. The right to counsel includes the right to effective assistance of counsel; therefore, a request for special admission requires averment of familiarity with North Carolina trial practices as well as the Local Rules. Even when special admission is allowed in a criminal matter, the Court reserves the right to require specially admitted counsel to associate local counsel at any time.

During her oral presentation, Ms. Alterman requested that she be specially admitted and as a result, not be required to associate local counsel. The Court heard the arguments of Ms. Alterman concerning her request for special admission, but from those arguments cannot determine that good cause has been shown for the granting of the motion and the motion will be denied without prejudice. Should local counsel be retained to represent Defendant, then Ms. Alterman will be allowed to make an appearance and represent Defendant in this matter.

# ORDER

**IT IS, THEREFORE**, **ORDERED** that the oral motion of Cathy Morris Alterman to represent Defendant through special admission is **DENIED** without prejudice.

Signed: July 7, 2016

Dennis L. Howell
United States Magistrate Judge